**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRAIG COOPER, | No. CV 11-2185 CAS (CW) |
|     Petitioner, | ORDER DISMISSING PETITION AS SUCCESSIVE |
| v. | |
| T.L. GONZALES, | |
|     Respondent. | |

The pro se Petitioner is a prisoner in state custody pursuant to a conviction in the Los Angeles County Superior Court, Case No. NA027451.[1] The present petition for writ of habeas corpus, filed March 15, 2011, challenges the sentence imposed in that case. Petitioner has brought a previous habeas petition in this court challenging the same judgment (Case No. CV 99-4457 CAS (CW)). The petition was denied and dismissed with prejudice in a judgment entered

---

[1] As noted in the record in Petitioner's prior habeas action, Petitioner was convicted in 1996 of felony possession of cocaine and sentenced to twenty-five years to life in state prison.

on October 31, 2001.[2]

## DISCUSSION

A new habeas petition under 28 U.S.C. § 2254, which challenges the same state court judgment addressed in one or more prior § 2254 petitions, is a second or successive petition.  A federal district court may not consider a second or successive petition unless the petitioner has first obtained an order from the proper federal circuit court of appeals authorizing the district court to review the new petition.  See 28 U.S.C. § 2244(b)(3)(A).  The court of appeals may only authorize review of a second or successive petition in the district court if the petitioner "makes a prima facie showing [to the court of appeals] that the application satisfies the requirements of" 28 U.S.C. § 2244(b).  See 28 U.S.C. § 2244(b)(3)(C); Felker v. Turpin, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

The present petition is a second or successive petition under § 2244(b)(3)(A) because it challenges the same state court judgment challenged in a prior federal petition, and that prior petition was dismissed with prejudice.[3]  This court may not review a successive petition unless the petitioner has first obtained the required order

---

[2] Several years later, Petitioner filed a habeas petition in the California Supreme Court, apparently challenging the legality of his sentence. [See Attachment to Petition.]  The supreme court denied the petition on December 21, 2010. [Id.]  Petitioner now seeks relief from the supreme court's judgment under Federal Rule of Civil Procedure 60(b). [Docket no. 2, filed March 15, 2011.]  Petitioner's motion must be denied.  Rule 60(b) confers no authority on this court to vacate or otherwise order relief from a state court judgment.

[3] A new petition is not subject to dismissal under § 2244(b)(3)(A) based on a prior petition which was dismissed without prejudice, e.g., for failure to exhaust state remedies. In re Turner, 101 F.3d 1323, 1323 (9th Cir. 1997).  Here, the present petition is successive based on No. CV 05-4053 which was dismissed with prejudice.

1  from the United States Court of Appeals for the Ninth Circuit.  There
2  is no indication in the record that this petitioner has obtained such
3  an order.  Therefore, the present petition is subject to dismissal
4  without prejudice.  Petitioner may file a new petition in this court
5  if and only if he first obtains authorization from the Ninth Circuit
6  pursuant to 28 U.S.C. § 2244(b)(3)(A).

**ORDERS:**

1. It is **ORDERED** that judgment be entered dismissing the petition as successive.
2. Petitioner's motion for relief from the judgment of the California Supreme Court under Fed. R. Civ. P. 60(b) is denied (docket no. 2, filed March 15, 2011).
3. The clerk shall serve copies of this order and the judgment herein on the petitioner.

DATED: March 18, 2011

_____
CHRISTINA A. SNYDER
United States District Judge

Presented by:

Dated: March 17, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge